## Washington L. Whitley et al. v. Thomas J. Scroggin.

1. FRAUD—*What Circumstances are Evidence of.*—Where a creditor's bill is filed to reach the proceeds of the sale of corn and subject the same to the payment of a judgment, the fact that the corn was sold to a grain dealer, and there was evidence of a large quantity and great

value of property other than corn covered by mortgages, and the total failure of the mortgagor when testifying to state what was owing by him to the persons to whom the mortgages were given, although repeatedly urged to so state, and the failure of the mortgagee to testify at all concerning it, the hasty manner in which the property was struck off to the wife of the mortgagor at the foreclosure sale, together with the further fact that in a bill of sale given by the wife of property to the mortgagee there was no new consideration passed between them, other than the original indebtedness secured by the mortgages, which was owing by the mortgagor, is sufficient evidence of fraud to vacate and set aside the foreclosure sale and bill of sale.

**Creditor's Bill.**—Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed June 10, 1901.

W. C. JOHNS, attorney for appellants.

CHAS. C. LEFORGEE, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a creditor's bill filed in the Circuit Court of Macon County on September 1, 1898, by the appellee, Thomas J. Scroggin, against the appellants, Washington L. Whitley, Alice J. Whitley, Edward L. Pegram, Joseph C. Hosteller, and another, B. S. Tyler Co., a corporation, which did not join in this appeal. The purpose of the bill is to reach the proceeds of the sale of 11,844 bushels of corn, sold and delivered by Alice J. Whitley, the wife of Washington L. Whitley, to B. S. Tyler & Co., and to subject the same to the payment of a judgment of $344.79, rendered in said Circuit Court on July 15, 1896, in favor of appellee and against Washington L. Whitley, and upon which an execution had duly issued and been returned, no property found to satisfy same, on September 12, 1896; and afterward an alias execution issued thereon January 16, 1897, and was properly returned April 6, 1897, no property found to satisfy same.

The bill charges, in effect, that Washington L. Whitley was the owner of the corn in question, and a large amount of other chattel property, before, at the time, and after the rendition of appellee's judgment above referred to, and as

such owner, he gave Edward L. Pegram and two others under his control, each a chattel mortgage upon said corn and all his other personal property to secure certain indebtedness which Washington owed to each, but the amount of such indebtedness is not known to appellee; that while said three chattel mortgages were a lien upon said corn and other property when said judgment was rendered, the indebtedness secured thereby was not then due.

That Washington L. Whitley, fraudulently intending to prevent appellee from collecting his judgment, conspired with his wife, Alice, and Edward L. Pegram, to procure the said three chattel mortgages to be foreclosed by a pretended sale of the property embraced in them, and at such sale, to have his wife, Alice, buy the property and afterward give a bill of sale therefor to Edward L. Pegram, who was to hold it in trust for Washington L. Whitley, and out of it pay the amount due on the indebtedness secured by the mortgage, which was for a sum far less than what the property was worth.

That on October 30, 1897, in pursuance of such fraudulent arrangement, all of said property was sold at public sale under the provisions of the said mortgages, and practically all of it was purchased in the name of Alice J. Whitley, although the indebtedness secured thereby was not then due. That immediately after such pretended foreclosure sale, and in furtherance of said fraudulent intent, Alice J. Whitley did make a bill of sale of all of said property to Edward L. Pegram, without any new or different consideration than the amount of the indebtedness secured by the mortgages. That the property so sold remained after such sale, as before, upon the farm occupied by Washington and Alice Whitley, and in possession of the former, and was, in fact, his property as before; in trust, however, to pay Edward L. Pegram the amount of the indebtedness owing him and which was secured by said mortgage, the amount thereof being unknown to appellee, but in fact was far less than the value of the property.

That in the spring of 1898, with the consent of Edward

L. Pegram, Washington and Alice, in the name of the latter, sold at public sale all of said property but the corn, and realized therefor more than enough to satisfy the amount of the indebtedness owing by them, or either of them, to Edward L. Pegram; that afterward and before the filing of this bill, in furtherance of said fraudulent conspiracy to defraud appellee, the two Whitleys and Edward L. Pegram sold and delivered said corn to B. S. Tyler & Co., and they are about to pay the purchase money therefor to Edward L. Pegram, who will hold it in trust for, or give it to, Washington L. Whitley, in fraud of the right of appellee.

The prayer of the bill is that B. S. Tyler & Co. be enjoined from paying the purchase money for the corn to Edward L. Pegram or either of the Whitleys, and that they be required to bring same into court, and under its directions, that the said judgment of appellee be first paid out of it, and the balance distributed to the other parties to this suit as it may appear are entitled thereto.

The injunction prayed for was granted upon the bill being filed. Appellants answered the bill and denied all the allegations of fraud therein contained, and admitted nothing. B. S. Tyler & Co. answered same and admitted buying the corn from Alice J. Whitley through Edward L. Pegram, and averred that they had received it before the bill was filed, and had paid all the purchase money to Edward L. Pegram (except $42.93) before the injunction issued.

The cause was referred to the master in chancery to take and report the testimony taken, together with his conclusions on the facts and the law of the case. The master took the testimony, and after overruling exceptions to his findings of the facts and the law of the case against appellee, reported the testimony to the court, together with his finding that there was no equity in the bill, and recommending that the court dismiss the same.

Appellee renewed his exceptions to the master's report to the court, and the court, after examining the testimony reported to it by the master, sustained the exceptions of appellee and entered a decree finding for the appellee, and

ordering the foreclosure sale mentioned in the bill to be set aside, vacated and annulled as against the rights of appellee; that the bill of sale made by Alice J. Whitley to Edward L. Pegram be also set aside and declared null and void; and that the sum of $42.93, held by B. S. Tyler & Co., as the balance of the proceeds of the purchase money for said corn not paid over to Edward L. Pegram or Alice J. Whitley before the injunction was issued, should be paid to appellee and applied upon said judgment.

From that decree the appellants prosecute this appeal, and urge its reversal on the ground, principally, that it is not supported by the evidence. The testimony taken by the master shows that Washington L. Whitley and Alice J. Whitley live, and have lived since and prior to September 19, 1896, upon a farm in Macon county which the former rents of one W. J. Pegram.

On September 19, 1896, Washington, being indebted to Edward L. Pegram upon three notes of that date, each due September 20, 1897, one for $1,481.87, one for $143.50 and one for $364.80, he and his wife gave Edward a chattel mortgage upon the corn in question and all the other personal property they owned, which was very considerable in quantity and value, to secure the payment of the notes, and the mortgage was duly acknowledged and recorded.

And on February 23, 1897, he being then also indebted to one W. L. Ryder, upon a note of that date for $584.40, due September 1, 1897, executed to him a chattel mortgage upon the corn in question and some other of his personal property to secure the payment thereof, which was duly acknowledged and recorded.

And on February 5, 1897, he being further indebted to Edward L. Pegram on a note dated that day, and due September 20, 1897, for $166.81, executed a chattel mortgage to him upon the corn in question and other of his personal property to secure the payment thereof.

And on June 5, 1897, he and his wife, Alice, also executed to W. J. Pegram a chattel mortgage upon a lot of his horses and other of his personal property (some of which,

being growing corn, was not included in the above mentioned mortgages) to secure the rent of the farm and a note owing by him to W. L. Pegram for $832.97, of that date and due January 1, 1898, which mortgage was duly acknowledged and recorded.

In pursuance of notices to that effect, all the property embraced in the above mentioned mortgages was sold at public sale on October 30, 1897, under the provisions of said mortgage, and as was said in notices, to pay off said mortgages. At the sale, the most of the property covered by the mortgages, including the corn, was purchased in the name of Alice J. Whitley by her nephew, James L. Whitley, and the mortgages were all satisfied by Edward L. Pegram, who took a bill of sale to himself from Alice for all the property so purchased by her, and all the property was left on the farm occupied by Washington and his wife where it had always been. No money passed between Alice J. Whitley and Edward L. Pegram as a consideration for the bill of sale, it being made solely upon the debts of Washington L. Whitley which had been secured by the chattel mortgages.

In the spring of 1898, Alice J. Whitley, with the consent of Edward L. Pegram, sold substantially all the property embraced in the bill of sale (except the corn in question) at public auction on the farm, but the evidence does not disclose how much it brought; she swears the proceeds arising from such sale were paid to Edward L. Pegram to apply on the amount due him on the consideration for the bill of sale; the latter amount being unknown by her, is not otherwise shown, nor does Edward L. Pegram testify in the case.

On August 20, 1898, the corn still being on the farm as before, the following contract of sale thereof was made in writing:

"Aug. 20, 1898.

This certifies that Alice J. Whitley has sold to B. S. Tyler & Co., about 10,000 bu. of No. 3 corn or better, regardless of color, for 25¾ c. per bushel, delivered at Harristown, Ill. The inspection of said corn to be made on track in car lots at Harristown by James Garland, inspec-

tor.   If any of said corn is found by him to grade 4 re-
gardless of color, in that event the price to 25¼ c., and if
any corn should be inspected 'No Grade,' then 'in that
event the price is to be established by the difference between
No. 3 and No. 4 Grade corn in Chicago on day of arrival.
It is agreed that the corn is to be delivered within 15 days,
said corn to be delivered at Keefer's elevator, at Harris-
town, Ill.

(Signed)     ALICE J. WHITLEY,<br>
Per E. L. Pegram."

" We agree to receive and pay for the grain on the above
terms.

(Signed)     B. S. TYLER & Co.,<br>
Per F. L. Evans, Sec'y."

The corn was duly delivered in accordance therewith
before the bill in the case was filed, and being weighed,
turned out to be 11,844 bushels, which at the contract price
brought $2,992.93, of which B. S. Tyler & Co. paid to
Edward L. Pegram, with the consent of Alice J. Whitley,
$2,950 before the bill was filed and the injunction issued.

S. B. Tyler & Co. brought the balance of $42.93 into court
to await its order.

From the large quantity and great value of the property
(other than the corn) covered by the mortgages, and the
total failure of Alice J. and Washington L. Whitley, when
testifying, to state what was owing by them to the persons
to whom the mortgages were given, although repeatedly
urged to so state, and the failure of Edward L. Pegram or
any one for him to so state or to testify at all concerning
it, and the hasty manner in which the property was struck
off and sold to Alice, the wife of Washington, at the so-
called foreclosure sale, together with the further fact that
no new consideration passed between Alice and Pegram for
the bill of sale other than the original indebtedness secured
by the mortgages, which was in fact owing by Washington,
we are satisfied that the court properly found that the
fraud and conspiracy charged in the bill were established
by the evidence, and that the equities of this case were in
favor of appellee, and the decree, being supported by the
evidence, will be affirmed.